UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re Terrorist Attacks on September 11, 2001

MEMORANDUM DECISION AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------- x

This document relates to:

*All Actions*

GEORGE B. DANIELS, District Judge:

On August 28, 2025, this Court denied the Kingdom of Saudi Arabia's ("KSA") renewed motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1). (Memo. Decision and Order ("2025 Order"), ECF No. 11182, at 1.)[1] KSA appealed the Order. (Notice of Appeal ("NOA"), ECF No. 11215, at 1.) Before this Court is KSA's motion to stay all proceedings involving KSA pending the resolution of the appeal to the Second Circuit. (Mot. for Stay of Proceedings Pending Appeal ("KSA Mot."), ECF No. 11226 at 1.) KSA's motion for a stay is GRANTED.

## I. PROCEDURAL BACKGROUND[2]

On September 29, 2015, this Court granted KSA's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), ruling that KSA was immune from suit under the Foreign Sovereign Immunities Act ("FSIA"). *In re Terrorist Attacks on September 11, 2001*, 134 F. Supp. 3d 774, 777-78 (S.D.N.Y. 2015). The following year, Congress passed the Justice

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

[2] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the pending motion.

Against Sponsors of Terrorism Act ("JATSA"). 28 U.S.C. § 1605B. JATSA waived sovereign immunity for suits demanding "money damages . . . against a foreign state for physical injury" or death caused by "an act of international terrorism in the United States" involving "a tortious act or acts of the foreign state, or of any . . . agent of that foreign state while acting within the scope of his or her office." *Id.*

The Second Circuit subsequently vacated and remanded this Court's previous order, directing this Court to consider JATSA's implication on KSA's motion to dismiss. *In re Terrorist Attacks on September 11, 2001*, No. 15-3426, 2017 WL 8776686, at *1 (2d Cir. Feb. 7, 2017). On March 28, 2018, this Court denied KSA's renewed motion to dismiss without prejudice. However, this Court ordered "[l]imited and targeted jurisdictional discovery" to determine "whether and to what extent [certain Saudi officials in the United States] and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to . . . other 9/11 hijackers." *In re Terrorist Attacks on September 11, 2001*, 298 F. Supp. 3d 631, 651 (S.D.N.Y. 2018).

After Magistrate Judge Netburn conducted jurisdictional discovery, KSA renewed its motion to dismiss. (2025 Order at 3.) On August 28, 2025, this Court denied KSA's motion, finding that "the entire body of undisputed facts, and the Court's preliminary assessment of certain disputed facts, are adequate for the Court to conclude that the exercise of subject matter jurisdiction is appropriate here." (*Id.* at 45.) Because "KSA did not carry its burden to convince the Court by a preponderance of the evidence that the JATSA exception does not apply," this Court ordered the case to proceed. (*Id.*)

On September 8, 2025, KSA filed a notice of appeal from this Court's order. (NOA at 1.) On September 11, 2025, KSA filed a motion to stay proceedings during the pendency of the appeal. (KSA Mot. at 1.) Plaintiffs filed an opposition to KSA's motion on September 26, 2025 (Opp. to

2

Mot. for Stay ("Opp."), ECF No. 11323, at 1), and KSA replied to the opposition on October 6, 2025. (Reply to Opp. to Mot. for Stay, ECF No. 11352, at 1.)

## II.    KSA'S MOTION FOR A STAY IS GRANTED

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, it is in this Court's discretion to stay proceedings when justified. *Dimartile v. Hochul*, 80 F.4th 443, 456 (2d Cir. 2023).[3]

To obtain a stay, a moving party has the burden of showing: (1) a substantial likelihood of success on the merits; (2) a movant will be "irreparably injured" without a stay; (3) the stay will not cause the non-moving party to be "substantially injure[d]"; and (4) the stay will be in the "public['s] interest." *Sarr v. Garland*, 50 F.4th 326, 335 (2d Cir. 2022) (citing *Nken*, 556 U.S. at 434). These factors are not weighted equally, with the first two being the "most critical." *See Dimartile*, 80 F.4th at 456. Applying those factors here, this Court concludes that a stay pending appeal is warranted in this case.

For the first factor – a substantial likelihood of success on appeal – the movant must show more than a "negligible" chance of success. *Nken*, 556 U.S. at 426. The "'likelihood of success on the merits' that is required for . . . a stay can be satisfied if there are 'serious questions' going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips decidedly in its favor." *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2

---

[3] KSA contends that the filing of the appeal divests this Court of jurisdiction under the collateral order doctrine. But "[g]iven that this Court will grant the stay under the four-factor approach, the Court need not address whether a divestiture rule or dual jurisdiction rule would give rise to the same result." *Nam v. Permanent Mission of the Republic of Korea to the United Nations*, No. 21-CV-06165 (JLR), 2023 WL 2456646, at *2 n.2 (S.D.N.Y. Mar. 10, 2023) (*vacated and remanded on other grounds by Nam v. Permanent Mission of Republic of Korea to United Nations*, 118 F.4th 234, 240 (2d Cir. 2024)). Given that KSA has appealed this jurisdictional question to the Second Circuit, we decline to consider the merits of KSA's jurisdictional argument here.

(S.D.N.Y. Aug. 27, 2014) (quoting *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)). "A 'serious questions' standard is particularly appropriate when a district court is asked to stay its own order," because "under such circumstances, the court has already determined that the applicant failed to succeed on the merits." *Blum v. Merrill Lynch & Co.*, No. 15 CIV. 01636 (GBD), 2015 WL 6685357, at *1 (S.D.N.Y. Oct. 22, 2015).

KSA will argue on appeal that this Court erred in holding that it could, as a matter of law, exercise subject matter jurisdiction over KSA because the JASTA exception did not apply. Although this Court's decision does not support a conclusion that KSA will prevail on appeal, this Court's determination was ultimately a limited fact-based conclusion for the purposes of determining jurisdiction. (2025 Order at 45.) This Court acknowledged that "the parties dispute[d] a significant portion of the facts and their reasonable conclusions" and "often each provide[d] their own interpretation and narratives" of what happened. (*Id.* at 44.) In other words, "[a]lthough this Court believes its decision was proper based on the record before it, there is [at least] a possibility that the Court of Appeals will conclude otherwise." *Plummer v. Quinn*, No. 07 CIV. 6154 (WHP), 2008 WL 383507, at *1 (S.D.N.Y. Feb. 12, 2008). Moreover, both parties present differing interpretations of the "caused by" language in the JASTA exception to the FSIA, making this "at the very least, [a case with] a substantial question going to the merits, worthy of litigation." *In re Advanced Min. Sys., Inc.*, 173 B.R. 467, 470 (S.D.N.Y. 1994). Accordingly, the first factor tips in favor of KSA because the nature of this dispute creates at least more than a "negligible" chance of success. *Nken*, 556 U.S. at 426; *see also Starke v. SquareTrade, Inc.*, No. 16-CV-7036 (NGG) (SJB), 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017) (deciding "that the first factor

is met" because "this is a fact-intensive question in an evolving area of the law . . . which the court views as presenting a serious question going to the merits.").

For the second factor, KSA successfully establishes more than a "mere possibility" of "irreparable injury." *Nken,* 556 U.S. at 426. FSIA provides immunity from suit, not just from liability. *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 (2d Cir. 2001). Allowing the proceedings in the district court to proceed pending appeal "will irreparably impair, at least to some extent, [KSA's] alleged claim to immunity from suit." *In re World Trade Ctr. Disaster Site Litig.,* 503 F.3d 167, 170 (2d Cir. 2007); *see also Nam,* 2023 WL 2456646, at *2 ("Defendant would be irreparably harmed if a stay is not granted as Defendant would lose the benefit of immunity from suit and trial if the Court of Appeals were to ultimately find that Defendant is immune under the FSIA."). Declining to grant a stay would also go against "a basic objective of the FSIA, which is to follow international law principles, namely, that granting foreign sovereigns immunity from suit both recognizes the 'absolute independence of every sovereign authority' and helps to 'induc[e]' each nation state, as a matter of 'international comity,' to 'respect the independence and dignity of every other.'" *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.,* 581 U.S. 170, 171 (2017) (quoting *Berizzi Bros. Co. v. The Pesaro,* 271 U.S. 562, 575 (1926)).

The third factor addresses the harm Plaintiffs will endure as a result of the stay. Plaintiffs argue that there will be substantial, irrecoverable harm to the "thousands of wrongful death and personal injury claimants in this case, all of whom deserve the opportunity to see their case through to its completion, to seek accountability, and to obtain justice." (Opp. at 18.) But a delay in receiving money damages, participating in trial, or otherwise obtaining justice, is insufficient to justify denying a discretionary stay. *Nam,* 2023 WL 2456646, at *3. Because Plaintiffs could

eventually "be compensated through an award of damages" and have their day in court, "this factor does not weigh in favor of denial of Defendant['s] motion." *Plummer*, 2008 WL 383507, at *1.

Finally, for the fourth factor, this Court considers the public's interest. There is a great public interest in having Plaintiffs, who may be entitled to compensation, receive any compensation as soon as practicable. *In re World Trade Ctr.*, 503 F.3d at 170. However, "proceeding with trial risks wasting the resources of the parties, the Court, and the public, if Defendant is ultimately found to be immune from suit." *Nam*, 2023 WL 2456646, at *3; *see also Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 292 (S.D.N.Y. 2018) ("It would be a waste of resources – the parties', the Court's, and the public's – to proceed to a trial that turns out to be a nullity."). Thus, this factor also weighs in favor of a stay.

Overall, the four factors, with the first two being the most important, weigh in favor of a stay. KSA's potential injury, along with the unnecessary use of judicial resources if the Second Circuit determines that KSA is immune from suit, outweigh the potential injury of Plaintiffs continuing to wait for their future day in court.

## III.   CONCLUSION

KSA's motion for a stay is GRANTED pending the Second Circuit's consideration of KSA's interlocutory appeal.

Dated: November 5, 2025
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE